UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO JASON SALTZER,<br><br>Defendant. | Case No. 1:10-cr-00289-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Armando Saltzer's letter requesting compassionate

release to home confinement. Dkt. 284. The Court construes the letter as a motion

for compassionate release under 18 U.S.C. 3582(c)(1)(A). For the reasons that

follow the Court will deny the motion.

## ANALYSIS

On June 25, 2017, Saltzer was sentenced to 160 months incarceration and 10

years supervised release for possession with intent to distribute methamphetamine.

Dkt. 203. Saltzer is currently incarcerated at Milan FCI. Saltzer seeks

compassionate release because he has been placed in solitary confinement and he

is worried about his mother.

Saltzer seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

Saltzer has not alleged, nor provided any evidence, that he has requested

**MEMORANDUM DECISION AND ORDER - 2**

compassionate release from the Warden of his facility. Therefore, he has not exhausted his remedies as required by § 3582(c)(1)(A) and his motion is not properly before the Court. Further, Saltzer has not addressed the § 3553(a) factors, nor provided any extraordinary and compelling reasons warranting his release. Accordingly, the Court will deny his motion without prejudice. Saltzer may file a new motion after he exhausts his remedies under § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED** that Armando Saltzer's Motion for Compassionate Release (Dkt. 284) is **DENIED** without prejudice.

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**